IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENESIS CADET, a minor, by SAMANTHA CADET, her Mother and Next of Friend and SAMANTHA CADET, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANSTON-SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65, FELISHA PARSONS, and KAREN EVANS,<br><br>Defendants. | Case No. _____<br><br>Judge _____ |

### NOTICE OF REMOVAL

Defendants, Evanston-Skokie Community Consolidated School District 65, Felisha Parsons, and Karen Evans, through their attorneys, Dykema Gossett PLLC, give notice that this action is being removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. In support of this removal, Defendants state as follows:

#### BACKGROUND

1. On April 26, 2012, Plaintiffs filed their Complaint in this action against Defendants Evanston-Skokie Community Consolidated School District 65, Felisha Parsons, and Karen Evans, in the Circuit Court of Cook County, Illinois, Case No. 12 L 004503.

2. On July 25, 2012, Defendants filed a motion to dismiss Plaintiffs' Complaint at Law, arguing that Plaintiffs' Complaint was factually deficient and failed to state a claim for which relief could be granted.

3. On August 10, 2012, the court granted Defendants' motion to dismiss, and ordered Plaintiffs to file an amended complaint by September 7, 2012. (See August 10, 2012, Court Order attached hereto as Exhibit A.)

4. On September 7, 2012, Plaintiffs filed their First Amended Complaint.

5. At the next court management conference on September 12, 2012, Defendants' counsel informed the court that Plaintiffs' First Amended Complaint suffered from the same pleading deficiencies as their original Complaint. The court ordered the parties to return for a status on whether Plaintiffs needed to file another amended complaint. (See September 12, 2012, Court Order attached hereto as Exhibit B.)

6. At the subsequent court management conference on October 12, 2012, the court ordered the parties to return on October 26, 2012, for status on whether Plaintiffs intended to respond to Defendants' Motion to Dismiss, or amend their First Amended Complaint. (See October 12, 2012, Court Order attached hereto as Exhibit C.)

7. On October 25, 2012, Plaintiffs filed and faxed to Defendant's counsel their Second Amended Complaint. (See Plaintiff's Second Amended Complaint attached hereto as Exhibit D.)

## TIMELINESS OF REMOVAL

8. Plaintiffs alleged in their Second Amended Complaint for the first time that Defendants violated Title VII of the Civil Rights Act of 1964 and 1991. *See* 42 U.S.C. § 2000, *et seq.* Thus, removal by Defendants is timely under 28 U.S.C. § 1446(b) in that less than thirty (30) days have elapsed since Defendants were served with a copy of Plaintiffs' Second Amended Complaint on October 25, 2012.

**FEDERAL QUESTION JURISDICTION**

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a) because it is founded on a claim arising under the laws of the United States, namely, the Civil Rights Act of 1964 and 1991. *See* 42 U.S.C. §§ 2000, *et seq.* To the extent that other asserted claims may arise under state law, supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

10. Pursuant to 28 U.S.C. §§ 1441, *et seq.*, this cause may be removed from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

**NOTICE**

11. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the Circuit Court of Cook County, Illinois, and upon all parties to the removed action.

12. By filing this Notice of Removal, Defendants do not waive, and hereby reserve, any right to assert objections and defenses to Plaintiffs' Second Amended Complaint.

WHEREFORE, Defendants Evanston-Skokie Community Consolidated School District 65, Felisha Parsons, and Karen Evans, by their counsel, respectfully seek the removal of the subject action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: November 15, 2012     EVANSTON-SKOKIE COMMUNITY CONSOLIDATED SCHOOL DISTRICT 65, FELICIA PARSONS, AND KAREN EVANS,

By:     */s/ Charles A. LeMoine*
               One of Their Attorneys

Charles A. LeMoine ARDC #6194888
Matthew D. Kelly ARDC #6300175
Stephen M. Mahieu ARDC #6299397
Dykema Gossett PLLC
10 S. Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700
Firm ID # 42297
clemoine@dykema.com
mkelly@dykema.com
smahieu@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2012, I electronically filed the foregoing **Notice of Removal** using the CM/ECF system. In addition, I served the foregoing **Notice of Removal** via U.S. Mail on the following:

>Ms. Mary C. Fahey
>Fahey & Associates
>161 N. Clark Street
>Suite 4700
>Chicago, IL  60601

>/s/ Charles A. LeMoine

Order                                                                                (2/24/05) CCG 0002

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Genesis Cadet

v.                                      No. 12 L 4503

Evanston/Skokie School Dist #65

### ORDER

This matter coming to be heard on Defendants' Motion to Dismiss Plaintiffs' Complaint, due notice given and the Court fully advised in the premises, it is hereby ORDERED:

1. Defendants' Motion to Dismiss is GRANTED;
2. Plaintiffs have until September 7, 2012 to file an amended complaint;
3. Next status date is set for September 12, 2012 at 9:30 am.

Atty. No.: 43297

Name: Dykema Gossett

Atty. for: Defendants

Address: 10 S. Wacker Dr #2300

City/State/Zip: Chicago IL 60606

Telephone: 312-876-1700

ENTERED:

Dated: Judge Randye A. Kogan
AUG 1 0 2012
Circuit Court - 1509

Judge                                   Judge's No

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

CADET )
Plaintiffs )
-v- ) NO: 10 L 4503
DISTRICT 65, et al. ) Motion Call "H" Time: 9:30 Line#: 36
Defendants ) Judge Randye A. Kogan

CASE MANAGEMENT ORDER

** (Please check off all pertinent paragraphs and circle proper party name) **

(8230) _____ 1. Category #1 (18-mo. discovery) (8232) _____ 1A. Category #2 (28 Mo. Discovery)
(4231) _____ 2. Written & (f)(1) and (f)(2) discovery to be issued by _____ or deemed waived;
(4296) _____ 3. Written & 213(f)(1) and (2) discovery to be answered by _____;
(4218) _____ 4. Oral discovery & 213(f)(1) and (2) depositions to be completed by _____;
(4288) _____ 5. Subpoenas for treating physicians' deps to be issued by _____ or deemed waived;
(4218) _____ 6. Treating physicians depositions to be completed by _____;
(4206) _____ 7. (Plaintiff) or (Defendant) or (Add. Party) shall answer 213 (f)(3) Interrogatories by _____;
(4218) _____ 8. Plaintiff's 213(f)(3) witnesses' depositions to be completed by _____;
(4218) _____ 9. Defendant's 213(f)(3) witnesses' depositions to be completed by _____;
(4218) _____ 10. Add. party's 213(f)(3) witnesses' depositions to be completed by _____;
(4295) _____ 11. All fact discovery, SCR 213(f)(1) and/or SCR 213(f)(2) discovery is closed. (Circle all applicable)
(4619) X 12. The matter is continued for subsequent Case Management Conference on 10·12·12
at 9:30 AM/PM in Room 2209 for:

(A) ___ Proper Service   (B) ___ Appearance of Defendants   (C) ___ Case Value
(D) ___ Pleadings Status (E) ___ Discovery Status           (F) ___ Pre-Trial/Settlement
(G) ___ Mediation Status (H) ___ Trial Certification        (I) X Other

DEFENDATS' MOTION TO DISMISS IS ENTERED AND CONTINUED. NEXT CMC, STATUS ON PLAINTIFF AMENDING COMPLAINT AND HEARING ON DEFENDANTS'

(4005) _____ 13. Case is DWP'd. (4040) _____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009. MOTION
(4331) _____ 14. Case stricken from (4284) _____ Motion Stricken or (4330) _____ Case stricken from FILED ON
              CMC Call                   Withdrawn from Call                Motion Call. JULY 25, 2012,
NAME: DYKEMA/MDKE                                                   ENTER: ATTACKING PLAINTIFFS'
ADDRESS: 10 S WACKER                                                FIRST AMENDED COMPLAINT.
                                          Associate Judge Randye A. Kogan
PHONE: 312 627 2250
ATTY ID#: 42097                           SEP 12 2012
ATTY FOR PARTY: △                         Circuit Court – 1509       RANDYE A. KOGAN, Associate Judge
NOTICE:

* COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES BY ALL ATTORNEYS!!
* FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.
* ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.

EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-LAW DIVISION

___CADET_____, )
Plaintiffs )
)
-v- )   NO: __12 L 4508__
)
___DISTRICT 65, et al_____ )   Motion Call "H" Time: __9:30__ Line#: __S3__
Defendants )
)   Judge Randye A. Kogan

## CASE MANAGEMENT ORDER

* * (Please check off all pertinent paragraphs and circle proper party name) * *

(8230) ____ 1. Category #1(18-mo. discovery) (8232) ____ 1A.Category #2 (28 Mo. Discovery)

(4231) ____ 2. Written & (f)(1) and (f)(2) discovery to be issued by _____ or deemed waived;

(4296) ____ 3. Written & 213(f)(1) and (2) discovery to be answered by _____;

(4218) ____ 4. Oral discovery & 213(f)(1) and (2) depositions to be completed by _____;

(4288) ____ 5. Subpoenas for treating physicians' deps to be issued by _____ or deemed waived;

(4218) ____ 6. Treating physicians depositions to be completed by _____;

(4206) ____ 7. (Plaintiff) or (Defendant) or (Add. Party) shall answer 213 (f)(3) Interrogatories by _____;

(4218) ____ 8. Plaintiff's 213(f)(3) witnesses' depositions to be completed by _____;

(4218) ____ 9. Defendant's 213(f)(3) witnesses' depositions to be completed by _____;

(4218) ____ 10. Add. party's 213(f)(3) witnesses' depositions to be completed by _____;

(4295) ____ 11. All fact discovery, SCR 213(f)(1) and/or SCR 213(f)(2) discovery is closed. (Circle all applicable)

(4619) _X_ 12. The matter is continued for subsequent Case Management Conference on __10·26·12__
         at __9:15__ AM/PM in Room 2209 for:

   (A)____ Proper Service    (B)____ Appearance of Defendants    (C)____ Case Value
   (D)____ Pleadings Status  (E)____ Discovery Status            (F)____ Pre-Trial/Settlement
   (G)____ Mediation Status  (H)____ Trial Certification         (I)_X_ Other

___PLAINTIFF TO FILE RESPONSE TO DEFENDANTS' MOTION TO___
___DISMISS BY 10·26·12. STATUS ON DEFENDANTS' MTD.___

(4005) ____ 13. Case is DWP'd. (4040) ____ The case is voluntarily dismissed pursuant to 735 ILCS 5/2-1009.
(4331) ____ 14. Case stricken from (4284) ____ Motion Stricken or (4330) ____ Case stricken from
             CMC Call                      Withdrawn from Call                 Motion Call.

NAME: __DYKEMA__                      ENTER:
ADDRESS: __10 S WACKER__                   Judge Randye A. Kogan
PHONE: _____                     OCT 1 2 2012
ATTY ID#: __43892__                        Circuit Court - 1509
ATTY FOR PARTY: ____△____              RANDYE A. KOGAN, Associate Judge

NOTICE:

* COPIES OF ALL PRIOR CMC ORDERS MUST BE BROUGHT TO ALL CMC COURT DATES BY ALL ATTORNEYS!!

* FAILURE OF ANY PARTY TO COMPLY WITH THIS CMC ORDER WILL BE A BASIS FOR SCR 219(C) SANCTIONS. FAILURE OF ANY PARTY TO ENFORCE THIS CMC ORDER WILL CONSTITUTE A WAIVER OF SUCH DISCOVERY BY THAT PARTY.

* ALL CASES ARRIVING ON THE TRIAL CALL IN ROOM 2005 MUST HAVE ALL DISCOVERY IN LINES 2 THROUGH 11 COMPLETED.

* A COPY OF THIS ORDER IS TO BE SENT TO EACH PARTY BY HIS/HER COUNSEL WITHIN TEN (10) DAYS OF  EACH CMC COURT DATE.

EXHIBIT C

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| Genesis Cadet, a Minor, by Samantha ) <br> Cadet her Mother and Next of Friend ) <br> and Samantha Cadet, individually ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Evanston-Skokie Community ) <br> Consolidated School District 65, ) <br> Felicia Parsons, and ) <br> Karen Evans, ) <br> ) <br> Defendants. ) | Gen. No. 12 L 004503 |

## NOTICE OF FILING

TO:   Charles LeMoine
      Matthew D. Kelly
      Dykemac Gossett PLLC
      10 S. Wacker Dr., Suite 2300
      Chicago, IL 60606
      Fax: 312-627-2302

On October 25, 2012, I filed in person with the Circuit Court of Cook County, Law Department at the Daley Center, 50 W. Washington, Chicago, Illinois, Plaintiff's Second Amended Complaint, a copy of which is served upon you.

By: /s/ Joseph J. Giacalone, Jr.
    Joseph J. Giacalone, Jr.

1

EXHIBIT D

## CERTIFICATE OF SERVICE

I, Joseph J. Giacalone, an attorney, certify that I faxed a copy of this Notice of Filing and the attached document, a Second Amended Complaint, to Defendants' counsel on October 25, 2012.

By: _____
Joseph J. Giacalone, Jr.

Joseph J. Giacalone
Law Offices of Fahey & Associates
Attorney for Plaintiffs
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
1-(312)-523-2017
Attorney No. 18619

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
2012 OCT 25 PM 4: 11

| | |
|---|---|
| Genesis Cadet, a Minor, by Samantha Cadet her Mother and Next of Friend and Samantha Cadet, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Evanston-Skokie Community Consolidated School District 65, Felicia Parsons, and Karen Evans,<br><br>Defendants. | Gen. No. 12 L 004503 |

## SECOND AMENDED COMPLAINT

NOW COMES Genesis Cadet, a Minor, by Samantha Cadet, her mother and Next of Friend and Samantha Cadet, individually by and through their attorneys, Fahey & Associates, complains of Defendants, Evanston-Skokie Community Consolidated School District 65, a municipal corporation (hereinafter the "Board"), Felicia Parsons, and Karen Evans as follows:

### JURISDICTION

1. Plaintiff, Samantha Cadet, is the mother of Genesis Cadet and a resident of the City of Evanston, Cook County, Illinois.

2. Plaintiff, Genesis Cadet (8 years old), is the minor child of Samantha Cadet and resides with her in the family home in the City of Evanston, Cook County, Illinois and brings this action by and through her Mother and Next of Friend, Samantha Cadet.

1

3. Defendant, Board, is a municipal corporation existing under the laws of Illinois and located in Cook County.

4. Defendant, Felicia Parsons, is a resident of the State of Illinois, and at all times mentioned in the complaint, was and now is employed by Co-Defendant, Board, as an instructor.

5. Defendant, Karen Evans, is a resident of the State of Illinois, and at all times mentioned in the complaint, was and now is employed by Co-Defendant, Board, as a principal.

## COUNT I

### WILLFUL AND WANTON MISCONDUCT

6. That on and before April 26, 2011, the Board was a municipal corporation owning, operating, managing, and maintaining public schools in the City of Evanston.

7. That on April 26, 2011, the Board owned, operated, managed, maintained and controlled the public school named Walker Elementary School at 3601 Church Street, Evanston, Illinois.

8. On March 19, 2011, while on the school grounds, a student, Nathalie Reed, slapped Genesis in the face. For three years previous to this suit Natalie has bullied Genesis. Genesis reported this incident to Ms. Parson and another school employee, Ms. Tiffany.

9. Genesis also had several fights and squabbles with another student, Penny, of which Ms. Parsons was aware of.

10. On April 26, 2011, minor Plaintiff, Genesis Cadet, was lawfully on the premises

2

at Walker Elementary School.

11. On April 26, 2011, minor Plaintiff, Genesis Cadet was exercising due care for her own safety and for the safety of others.

12. While playing during recess at the Walker Elementary School playground, Plaintiff, minor, Genesis, age 8 years old, was gang beaten by a group of students.

13. Four boys and one girl took turns in punching and kicking Genesis on her face, arms, head, and other parts of her body. Khaleb Johnson called Genesis "dumb and stupid" and hit her in the back, among other places. Chad Mylom hit her in the back of the neck, among other places and dragged her through the mud. Students Ahmad Bynum and Natalie Reed also participated in the beating. See Skokie Police Department Incident Report attached as Exhibit A hereto.

14. During this half hour attack, Genesis was thrown to the ground repeatedly over and over again as she tried unsuccessfully to run away and get help.

15. In spite of Genesis' screams and cry for help, no teacher, teacher assistant, or school employee came to help Genesis since none were present to supervise and/or monitor the children during this recess time.

16. Finally, when recess ended, Genesis was able to report the beating to her teacher and the teacher did nothing other than to send Genesis to the school nurse.

17. The minor Plaintiff, Genesis Cadet, and her mother previously reported other incidents involving these same attackers, including fights with Natalie Reed, whom has been bullying Genesis for three years. Genesis reported to her teacher on March 19, 2011, that Natalie had slapped her in the face. School personnel were also aware of several fights with a student, Penny, which were also reported

to agents and/or employees of the Defendants including but not limited to Ms. Parsons and Ms. Tiffany.

18. Defendants, by and through its agents and/or employees knew that the minor Plaintiff, Genesis Cadet, had prior incidents with her attackers.

19. That by disregarding their duties, Defendants, by and through their agents and/or employees, were guilty of one or more of the acts or omissions enumerated in the following paragraphs below, which resulted in injuries to the minor Plaintiff, Genesis Cadet:

   a. Willfully and wantonly failed to provide minor Plaintiff a safe place to attend school;

   b. Willfully and wantonly failed to keep their students under proper and sufficient control;

   c. Willfully and wantonly failed to protected the Plaintiff from an assault or attack when they knew or should have known an assault or attack was imminent or likely with the particular students in question;

   d. Willfully and wantonly failed to protect the minor Plaintiff when the Defendants knew as a result of other prior incidents between the minor Plaintiff and her multiple attackers in the months prior or should have known of the prior incidents between minor Plaintiff and her multiple attackers. These include reports from Genesis and her mother of Natalie's bullying over three years; a report on March 19, 2011 from Genesis that Natalie slapped her in the face reported to her instructor and Ms. Tiffany;

   e. In failing to adopt or implement policies or procedures sufficient to

provide adequate screening and supervision of an adequate number of qualified personnel to supervise the outdoor area where the incident occurred;

f. In failing to assign any supervisors to the playground area during recess where the incident occurred;

g. In failing to properly screen, train, and supervise, Karen Evans and Felicia Parsons, so as to make certain that they were knowledgeable of the district's requirements for playground supervision;

h. Karen Evans and Felicia Parsons and recess monitors failed to position themselves in a location from which they could see the area in which the incident occurred;

20. As a direct and proximate result of one or more of the above acts of willful and wanton negligence and/or willful and wanton omissions on the part of the Defendants, by and through their agents and/or employees, minor Plaintiff, Genesis Cadet, was assaulted and attacked without provocation and without warning by other students on the school premises, was beaten and punched on various parts of her body, suffered severe injuries, internally and externally, has incurred and will in the future incur medical bills and expenses, lost time from school classes and was unable to keep up with her classes and was otherwise permanently injured.

21. That the birth date of the minor Plaintiff, is October 20, 2002 and she was eight (8) years of age at the time of the occurrence.

WHEREFORE, Plaintiff, Samantha Cadet, by her mother and next friend,

Samantha Cadet, and Samantha Cadet individually, demands judgment against the Defendants for:

i. A sum in excess of the jurisdictional limits of this Court together with costs and interest.

ii. Special damages in an amount for medical, caretaking, and related expenses according to proof;

iii. Interest on such damages awarded according to law from the date of judgment until paid; and

iv. Such other relief as this Honorable Court deems just and proper.

## COUNT II

### VIOLATION OF 105 ILCS 5/27-23.7 (Bullying Prevention statute)

22. This Count II re-alleges the paragraphs above as if fully set forth herein.

23. On April 26, 2011 and at all times relevant it was the duty of the Defendants, pursuant to 105 ILCS 5/27-23.7 (Bullying Prevention statute) to exercise reasonable care in the operation, control, and maintenance of the school premises to attend to students so that no harm and/or injuries would come to any student on the premises, including the minor Plaintiff, Genesis Cadet.

24. Section 105 ILCS 5/10-20.1 was passed in 2002 to prevent schools from ignoring kids who show signs of bullying. These kids need to be paid attention to so that future bullying will be prevented.

25. Defendant school failed to educate students and parents about what behaviors constitute bullying.

26. The Defendants failed to prevent the bullying and beating of Genesis despite previous knowledge and prior incidents of bullying and violence, as described above.

27. The Board failed to maintain a policy on bullying.

28. The Board failed to monitor and discipline the students who had bullied Genesis.

29. That by disregarding their duties, Defendants by and through their agents and/or employees, were guilty of one or more of the facts or omissions enumerated in the paragraphs above, which resulted in injuries to the minor Plaintiff, Genesis Cadet.

WHEREFORE, Plaintiff, Samantha Cadet, by her mother and next friend, Samantha Cadet, and Samantha Cadet individually, demands judgment against the Defendants for:

i. A sum in excess of the jurisdictional limits of this Court together with costs and interest.

ii. Special damages in an amount for medical, caretaking, and related expenses according to proof;

iii. Interest on such damages awarded according to law from the date of judgment until paid; and

iv. Such other relief as this Honorable Court deems just and proper.

## COUNT III

## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

30.. This count re-alleges the paragraphs above as if fully set forth herein.

31. Genesis reported previous incidents of bully and violence including three years of bullying from Natalie Reed and a slap in the face a month

7

previous to the beating during recess.

32. The Board and school district knew of the harassment.

33. The failure of the school and Board to take action to prevent further abuse makes Defendants liable.

WHEREFORE, Plaintiff, Samantha Cadet, by her mother and next friend, Samantha Cadet, and Samantha Cadet individually, demands judgment against the Defendants for:

i. A sum in excess of the jurisdictional limits of this Court together with costs and interest.

ii. Special damages in an amount for medical, caretaking, and related expenses according to proof;

iii. Interest on such damages awarded according to law from the date of judgment until paid; and

iv. Such other relief as this Honorable Court deems just and proper.

## COUNT IV

### RIGHTS OF MARRIED PERSONS ACT 750 ILCS 65/15

34. Plaintiff repeats and re-alleges the paragraphs above as paragraphs as if set forth fully herein.

35. Plaintiff, Samantha Cadet, is the mother of the minor Plaintiff, Genesis Cadet, and she has incurred and will incur medical and caretaking expenses for the treatment and care of the minor Plaintiff's injuries for which she is liable pursuant to the Rights of Married Persons Act 750 ILCS 65/15.

36. In all probability, Plaintiff, Samantha Cadet, will incur additional medical expenses for the treatment and care of the minor Plaintiff, Genesis Cadet, during the child's minority.

37. The willful and wanton misconduct of the Defendants, as alleged above, was the proximate of all of the above losses to Plaintiff, Samantha Cadet.

WHEREFORE, Plaintiff, Samantha Cadet, demands judgment against the Defendants for:

   i. A sum in excess of the jurisdictional limits of this Court together with costs and interest;

   ii. Special damages in an amount for medical, caretaking, and related expenses according to proof;

   iii. Interest on such damages awarded according to law from the date of judgment until paid; and

   iv. Such other relief as this Honorable Court deems just and proper.

## COUNT V

## LOSS OF SERVICES

38. Plaintiff, Samantha Cadet, repeats and re-alleges the paragraphs above as if set forth fully in this Count V herein.

39. Plaintiff's injury has resulted in the total loss to Plaintiff, Samantha Cadet, of the services of Plaintiff, Genesis Cadet, from the date of the accident until the present and in all probability will result in the partial loss to Plaintiff Samantha Cadet, of the services of Genesis for the rest of her minority.

40. The willful and wanton misconduct of the Defendants employees and/or agents as

alleged above, was the proximate of all of the above loss to Plaintiff, Samantha Cadet.

WHEREFORE, Plaintiff, Samantha Cadet, demands judgment against the Defendants for:

i. A sum in excess of the jurisdictional limits of this Court together with costs and interest;

ii. Special damages in an amount for medical, caretaking, and related expenses according to proof;

iii. Interest on such damages awarded according to law from the date of judgment until paid; and

iv. Such other relief as this Honorable Court deems just and proper.

Respectfully Submitted,

By: _____
Fahey & Associates

Law Offices of Fahey & Associates
Attorney for Plaintiffs
161 North Clark Street, Suite 4700
Chicago, Illinois 60601
1-(312)-523-2017
Attorney No. 18619